# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICHARD ALAN BERGESEN,<br><br>               Petitioner,<br><br>v.<br><br>ISCI WARDEN YORDY, IDAHO CAPP WARDEN FINN, and the IDAHO PAROLE COMIMSSION DIRECTOR JONES,<br><br>               Respondents. | Case No. 1:17-cv-00502-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court in this habeas corpus matter is Respondents' Motion to Dismiss. (Dkt. 32.) Petitioner Richard Bergesen has filed a response and a supplement (Dkts. 37, 39), and Respondent has filed a reply. (Dkt. 38.) All parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c). (Dkt. 15.)

The Court takes judicial notice of the record from Petitioner's state court proceedings, lodged by the parties. *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006).

Having carefully reviewed the record and considered the arguments of the parties, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order.

**MEMORANDUM DECISION AND ORDER - 1**

# REVIEW OF MOTION TO DISMISS

Petitioner is proceeding on his First Amended Petition for Writ of Habeas Corpus. (Dkt. 25.) Respondents assert that this entire action, which challenges a parole hearing and parole violations, is moot because Petitioner is once again on parole.

## 1. Factual and Procedural Background

Petitioner pleaded guilty to grand theft in a criminal action filed in the Fourth Judicial District Court in Ada County, Idaho. (Dkt. 1 at 2.) The judgment of conviction was entered in June of 2011. Petitioner received a unified sentence of 10 years' incarceration in the custody of the Idaho Department of Correction (IDOC). After serving a portion of his prison sentence, he was released on parole.

Petitioner was arrested on parole violations on August 30, 2017. He was found guilty of two parole violations, but was granted a diversion in lieu of parole revocation. He was required to complete programming to address his mental health needs. (State's Lodging B-5, p. 5.) Petitioner was cleared for parole again on June 18, 2018, and he remains on parole today.[1] His sentence satisfaction date is December 28, 2020. He will remain in legal custody of the Idaho Department of Correction until that date.

Petitioner's operative pleading, the First Amended Petition filed on March 5, 2018, challenges various aspects of the 2017 Idaho Commission of Pardons and Parole hearing that resulted in guilty findings on violations of two special conditions of parole. (Dkt. 31.)

---

[1] See https://www.idoc.idaho.gov/content/prisons/offender_search/detail/100296.

The First Amended Petition raises several constitutional challenges to the parole revocation hearing, including:

1. Violating I.C. § 20-229 and IDAPA Rule 50.01.01.400.07.b.ii;

2. Refusing to place a witness under oath and refusing to audio record the parole violation hearing;

3. Refusing Petitioner's request to subpoena witnesses for the hearing;

4. Refusing to appoint counsel at state expense;

5. Violating his right to confront and cross-examine his accusers at the hearing;

6. Refusing to comply with the Idaho Rules of Evidence at the hearing; and

7. Failing to have a judge as the finder of fact, instead of a non-lawyer hearing officer.

(Dkt. 25, pp. 8-10.) Petitioner also requests that this Court "reverse [his] parole violation conviction and order his Gold Seal release from parole." (Dkt. 25, p.8.) A "Gold Seal" means that a person has completed the entirety of the sentence for his or her crime.

On June 8, 2018, Respondents filed a motion to summarily dismiss this action based on exhaustion grounds. (Dkt. 32.) Petitioner responded, asserting that his claims were exhausted properly either by filing of an original petition for writ of habeas corpus with the Idaho Supreme Court, or by filing of another state habeas corpus case in the state magistrate court that is now on appeal to the state district court. (Dkt. 37.) In reply, Respondents contend that the First Amended Petition challenging Petitioner's parole revocation hearing is moot because Petitioner is not incarcerated as a result of the parole hearing, but is on parole. (Dkt. 38.) Alternatively, Respondents argue that this case

**MEMORANDUM DECISION AND ORDER - 3**

should be stayed pending Petitioner's exhaustion of his claims that are now on appeal in the state district court.

2.      **Standard of Law for Summary Dismissal**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Where appropriate, a respondent is permitted to file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

Federal habeas corpus relief may be granted where a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Habeas corpus is a proper remedy for parole revocation proceedings because "the loss of liberty is a serious deprivation requiring that the parolee be accorded due process." *Gagnon v. Scarpelli*, 411 U.S. 778, 781 (1973). Habeas corpus review is limited to the question of whether the petitioner has been deprived of his or her constitutional rights by the manner in which the revocation hearing was held. *See Morrissey v. Brewer*, 408 U.S. 471, 490 (1972) (noting that, if the parole board had followed the minimum due process standards, such a finding would "dispose of the due process claims.").

Accordingly, federal habeas corpus review does not include review of the underlying merits of the Parole Commission's decision—whether a parolee's parole should not have been revoked. Rather, as Respondents correctly assert here, if the procedures deprived the parolee of his constitutional rights, then the remedy is to order the parole commission to hold a new hearing. *See Ford v. Wainright*, 549 F.2d 981 (5th

**MEMORANDUM DECISION AND ORDER - 4**

Cir. 1977) (habeas petitioner is entitled only to an order for a "procedurally sound hearing").

As for the mootness issue, the court has jurisdiction to adjudicate a claim only when there exists a "present controversy as to which effective relief can be granted." *Serena v. Mock*, 547 F.3d 1051, 1053 (9th Cir. 2008) (quoting *Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008)). A claim that has become moot because of changed circumstances does not present a live controversy.

3. **Discussion**

Respondent argues that, because the only remedy for a constitutionally-deficient parole hearing is a new parole hearing, Petitioner's claims are moot because he currently is on parole. *See Jones v. U.S. Bureau of Prisons*, 903 F.2d 1178, 1181 (8th Cir. 1990). The Court's review of the law in this area supports Respondents' position. *See Lane v. Williams*, 455 U.S. 624 (1982); *Spencer v. Kemna*, 523 U.S. 1, 12-14 (1998) (a petitioner must show that collateral consequences resulted from a prior parole revocation to avoid a finding of mootness if the petitioner is paroled before the habeas corpus case is adjudicated). *See also Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) (holding that, because Picrin-Peron seeks release and has been released, "there is no further relief we can provide.").

Petitioner requests that this Court penalize the Parole Commission for its alleged violations of constitutional law by ordering that he be relieved of serving his full sentence. He asks the Court to revise his sentence to end immediately, rather than in 2020. Petitioner also argues that the Court should adjudicate his claim that the Parole

**MEMORANDUM DECISION AND ORDER - 5**

Commission's procedures are facially unconstitutional, regardless of whether he is on parole.

Rejecting a similar argument in *Spencer v. Kemna*, 523 U.S. 1 (1998), the United States Supreme Court explained:

> [P]etitioner argues that, even if his case is moot, that fact should be ignored because it was caused by the dilatory tactics of the state attorney general's office and the delay of the District Court. But mootness, however it may have come about, simply deprives us of our power to act; there is nothing for us to remedy, even if we were disposed to do so. We are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong.

*Id*. at 18.

As case law dictates, a new hearing is the only available remedy for a constitutionally-deficient parole hearing. *See Jones v. U.S. Bureau of Prisons*, 903 F.2d at 1181 ("While it is correct that the Commission failed to comply with federal regulations by failing to give Jones a parole hearing on the record in 1981, neither the district court nor this court has the right to correct the mistake by ordering the petitioner released. The most we can do is require the Parole Board to give the petitioner a fair hearing in accordance with its rules and regulations at the earliest possible date.") (citation and punctuation altered).

Petitioner argues that his claims are not moot, because he may be arrested again and subjected to the allegedly unconstitutional parole provisions. That theory was rejected in *Spencer* and *Lane* as entirely speculative. In addition, Petitioner has provided no inkling of any collateral consequences arising from the fact that he was found guilty of

parole violations but was provided with a path to remain on parole rather than suffer revocation.

Accordingly, this action will be dismissed for lack of jurisdiction.

## ORDER

**IT IS ORDERED:**

1. Respondents' Motion to Dismiss (Dkt. 32) is GRANTED, to the extent that the Court has no jurisdiction to entertain Petitioner's moot claims, given his current parole status.

2. This case will be dismissed without prejudice.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: January 3, 2019

_____
Honorable Candy W. Dale
United States Magistrate Judge